IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 07-cv-00799-BNB

AUG 1 0 2007

MIKEAL GLENN STINE,

GREGORY C. LANGHAM
CLERK

     Plaintiff,

v.

LT. SWANSON, ADX,
MR. KNOX, ADX,
MR. JENKINS, ADX,
DR. S. NAFZIGER, ADX,
MR. A. OSAGIE, ADX, and
MR. RON WILEY, ADX,

     Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Mikeal Glenn Stine is in the custody of the United States Bureau of

Prisons and currently is incarcerated at ADX Florence. Pursuant to the Court's July 13,

2007, Order, Plaintiff has filed an Amended Complaint in the instant action that

incorporates all claims originally asserted in the instant action and in Case No. 07–cv-

01248-ZLW.

The Court must construe the Amended Complaint liberally because Mr. Stine is a

*pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991). Although a court must construe a complaint

liberally, a court should not "assume the role of advocate for the pro se litigant." *Hall*,

935 F.2d at 1110.

In Claim One, Mr. Stine alleges that Defendant Lieutenant Swanson, in violation of Plaintiff's Eighth Amendment rights, refused to allow him to wear his knee brace when he went to the hospital for an MRI of his knee. Plaintiff further asserts that because he was not allowed to wear his knee brace he has suffered additional injuries to his knee including swelling, bruising, and pain. Mr. Stine further contends that because proper medical treatment of his knee has been delayed he has suffered permanent damage to his knee.

In Claim Two, Plaintiff asserts that Defendant Mr. Knox will not provide him with grievances so that he may exhaust his administrative remedies. Plaintiff contends that because he is not able to exhaust his remedies he is denied access to the courts. In Claim Three, Plaintiff asserts that Defendant Correctional Officer Jenkins denied his request for envelopes for three days, and that as a result he was denied access to the courts.

In Claim Four, Plaintiff sets forth an assault and battery claim pursuant to 28 U.S.C. § 2671 and to Colorado state statute. Mr. Stine asserts that Defendant Swanson intentionally placed hard plastic restraints on his arms, while he was at the hospital, with the intent of injuring Plaintiff and trying to make Plaintiff move so he would have reason to shoot him.

In Claims Five and Six, Mr. Stine asserts that Defendant Ron Wiley, Dr. S. Nafziger, and A. Osagie have refused to allow him to use crutches, to give him pain medication, and to arrange for the needed surgery to correct the meniscus tear of his knee. Plaintiff asserts he has exhausted his administrative remedies and requests injunctive relief and money damages.

Claims One, Two, and Four through Six will be assigned to District Judge Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Kristen L. Mix.

The denial of access claim asserted against Defendant Jenkins in Claim Three, however, lacks merit. In order to allege a denial of access to the courts claim, based on *Bounds v. Smith*, 430 U.S. 817 (1977), an inmate must plead and prove he was actually impeded in his ability to conduct a particular case. *See Casey v. Lewis*, 518 U.S. 343 (1996). The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995).

An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353. As for Plaintiff's claim that he was denied envelopes, the claim lacks merit because Plaintiff has not been denied the ability to file a complaint in this Court. Furthermore, Plaintiff does not assert an inability to file nonfrivolous actions in other courts. To the contrary, Mr. Stine has filed five cases in this Court since November 2006 regarding the conditions of his confinement and also was able to file an action, *Stine v. Reeves*, No. 07-cv-00581-PGR-MHB (D. Ariz. Apr. 2, 2007), in the United States District Court for the State of Arizona, on March 19, 2007.

On July 23, 2007, Plaintiff also filed a document titled "Objections to Magistrates [sic] Order Issued 7/13/07 Pursuant to Rule 72(a)." With respect to Plaintiff's

3

Objections to Magistrate Judge Boland's July 13, 2007, Order, the Court finds that Magistrate Judge Boland's July 13, 2007, is neither clearly erroneous nor contrary to law.  Furthermore, Plaintiff's Objections to the July 13, 2007, Order now are moot as he has complied with the Order.  Therefore, the Objections will be overruled.

Accordingly, it is

ORDERED that the allegations in Claim Three and Defendant Jenkins are dismissed from the action.  It is

FURTHER ORDERED that the Clerk of the Court is directed to remove Defendant Jenkins from the docketing record as a party to the action.  It is

FURTHER ORDERED that Claims One, Two, and Four through Six, as asserted against Defendants Lieutenant Swanson, Mr. Knox, Dr. S. Nafziger, A. Osagie, and Ron Wiley, shall be assigned to District Judge Wiley Y. Daniel pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Kristen L. Mix.  It is

FURTHER ORDERED that the "Objections to Magistrates [sic] Order Issued 7/13/07 Pursuant to Rule 72(a)," (Doc. No. 28), filed July 23, 2007, is overruled.

DATED at Denver, Colorado, this 9 day of _____ Aug _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00799-BNB

Mikeal Stine
Reg. No. 55436-098
ADX – Florence
PO Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___8/10/07___

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk