IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00799-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

LT. SWANSON, ADX,
MR. KNOX, ADX,
DR. S. NAFZIGER, ADX,
MR. A. OSAGIE, ADX, and
MR. RON WILEY, ADX,

    Defendant(s).

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on Plaintiff's Motion for Emergency Evidentiary Hearing/Preliminary Injunction Ordering Immediate Medical Treatment, "Ordered by Orthopedic Surgeon on 6/21/07" [Docket No. 32, Filed August 13, 2007] (the "motion for preliminary injunction"). I respectfully RECOMMEND that the Motion be DENIED.

    I.    Background

    Plaintiff is a prisoner at the United States Penitentiary, ADMAX, in Florence, Colorado. In December 2006, while incarcerated, Plaintiff injured his knee. In June 2007, an orthopedic surgeon recommended that Plaintiff receive knee surgery. Plaintiff was approved for the surgery by the prison facility's Utilization Review Committee, however, the surgery was not immediately scheduled. On August 13, 2007, Plaintiff moved for a

preliminary injunction and a hearing to address his injury and the status of his surgery [Docket No. 32]. An evidentiary hearing was set for October 22, 2007, by Court Order dated September 28, 2007 [Docket No. 61] and later amended by Court Order dated October 11, 2007 [Docket No. 70]. Pursuant to the motion for preliminary injunction, Plaintiff sought to prevent Defendants from further delaying his surgery.

Prior to the hearing, Defendants moved to reset or vacate the hearing because Plaintiff's surgery was scheduled to occur on the same day [Docket No. 78, Filed October 20, 2007]. Because of Plaintiff's unavailability, the Court granted the motion and vacated the hearing by Order dated October 22, 2007 [Docket No. 80].

II.   Standard of Review

Plaintiff is proceeding *pro se*. Therefore, the Court must construe the motion liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Plaintiff to present his claims against any procedural defects caused by Plaintiff's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).

III.   Injunctive Relief

The purpose of Plaintiff's motion for preliminary injunction was to prevent Defendants from further delaying Plaintiff's knee surgery. That surgery has now occurred. As such, the injury Plaintiff sought to remedy no longer exists. Where "entry of injunctive relief in [Plaintiff's] favor would have no effect on the [D]efendants' behavior," Plaintiff's motion for preliminary injunction must be denied. *Green v. Branson*, 108 F.3d 1296, 1300

(10th Cir. 1997).

    IV.    Conclusion

The Court respectfully RECOMMENDS that the motion for preliminary injunction be DENIED.

Pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:    October 30, 2007

                                                                                    BY THE COURT:

                                                                                    s/ Kristen L. Mix
                                                                                    U.S. Magistrate Judge
                                                                                    Kristen L. Mix