IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00799-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

LT. SWANSON, ADX,
MR. KNOX, ADX,
DR. S. NAFZIGER, ADX,
MR. A. OSAGIE, ADX, and
MR. RON WILEY, ADX,

    Defendant(s).

_____

**ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's Motion to Stay Proceedings [Docket No. 117; Filed November 28, 2007] ("Motion to Stay").[1] Defendants' filed a response on December 12, 2007 [Docket No. 121] in which they did not oppose the Motion to Stay. Although Defendants' response is untimely, the Court elects to consider it.

    IT IS HEREBY **ORDERED** that the Motion to Stay is **DENIED**. Plaintiff is a prisoner who has another case pending before the Court in which he filed a similar motion. [Civil Action No. 07-cv-00121-WYD-KLM; Docket No. 154]. The Court takes judicial notice of the response filed by Defendants in that case [Docket No. 160], in which they informed the Court that as of December 5, 2007, Plaintiff had been transferred to a California prison pursuant to a Writ of Ad Testificandum. Defendants also notified the Court that Plaintiff's transfer to California was temporary, and they expect Plaintiff to be returned to this District by the end of December 2007. The Court notes that in the present case, no Scheduling

---

[1] The Court notes that Plaintiff did not seek leave to file the Motion to Stay, as he was required to do by the Court's Order of November 8, 2007 [Docket No. 106]. However, given the nature of the request, the Court elects to consider it. Plaintiff is reminded of his continuing obligation to seek leave to file any future motion with the Court.

Order has been entered and no discovery or dispositive motions deadlines set. Accordingly, a stay of this case is unnecessary.[2]

IT IS FURTHER **ORDERED** that a Preliminary Scheduling/Status Conference is set for **January 17, 2008 at 9:00 a.m.** in Courtroom **A-501,** Fifth Floor, of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294. The conference shall be conducted by televideo conference. **The Plaintiff and his case manager will be allowed to participate by televideo conference, and all other parties shall appear in person**. The purpose of the Preliminary Scheduling/Status Conference is to discuss the status of the case and whether discovery, dispositive motions, or other deadlines should be set. **This is not an evidentiary hearing, and the Court will not hear evidence regarding any pending motion.**

It is FURTHER **ORDERED** that the case manager for prisoner #55436-098 shall ensure the availability of the Plaintiff MIKEAL GLENN STINE for the Court's Preliminary Scheduling/Status Conference on January 17, 2008 at 9:00 a.m. A representative from the Court will contact the case manager for Plaintiff on that day and time to connect the Plaintiff to the televideo conference. **If Plaintiff has not been returned to this District within one (1) week of the conference, Defendants shall so inform the Court and file a motion to reschedule the conference.**

This matter is also before the Court on Plaintiff's Motion to Have P.A.D. Schiefelbein Ordered to Attend Hearing in Addition to Ms. Gladbach and Scott A. Fountain [Docket No. 84; Filed October 26, 2007]; and Plaintiff's Requests [sic] for Courts [sic] to Hold Emergency Hearing for Preliminary Injunction, Granted by Document No. (32) for Yesterday 10/22/07 of Which Defendants Did Not Make Plaintiff Available, or Notice Plaintiff of New Date [Docket No. 86; Filed October 29, 2007] (collectively, "Motions for Hearing"). Plaintiff's Motions for Hearing seek an expedited hearing and injunctive relief regarding an injury to his knee and the alleged conduct of prison officials in relation to that injury. Defendant filed a response to the Motions for Hearing on November 13, 2007 [Docket No. 109], and Plaintiff filed a reply on November 28, 2007 [Docket No. 118].

IT IS HEREBY **ORDERED** that the Motions for Hearing are **DENIED in part**. To the extent that Plaintiff seeks to revive the relief requested via Motion No. 32 and to have the Court reset the hearing that was set by previous Order [Docket No. 61] and later vacated [Docket No. 80], the motion is **denied as moot**. The Court filed a Report and Recommendation to deny the relief requested by Plaintiff in Motion No. 32, and that Recommendation was accepted by the District Court on November 16, 2007 [Docket No.

---

[2] To the extent that Defendants request that the deadline to file their response to Plaintiff's Complaint be extended, the request is denied as moot. The Court notes that Defendants have already filed a response [Docket No. 122; Filed December 18, 2007].

115].

To the extent that Plaintiff seeks an expedited hearing to address the alleged conduct of prison officials that occurred after Plaintiff's October 22, 2007 surgery, the motion is **denied in part**. **The Court reserves judgment regarding entry of a preliminary injunction**. The Court will address Plaintiff's request for a preliminary injunction by submitting a Report and Recommendation to the District Court. The Court will consider the pleadings of both parties on this issue, and no hearing is necessary.

This matter is also before the Court on Plaintiff's Motion to Appoint "Medical Expert/Orthopedic Surgeon" Pursuant to Rule 706 Federal Rules of Evidence [Docket No. 96; Filed November 5, 2007] ("Motion to Appoint Expert"); Plaintiff's Motion to Reconsider Pursuant to Rule 60(b), Documents (58) (60) (63) and (66) [Docket No. 97; Filed November 5, 2007] ("Motion to Reconsider"); and Plaintiff's Request [sic] Leave of the Court to File Motion to Recuse Magistrate Kristen L. Mix for Judicial Abuse and Prejudice, and Request to File Civil Complaint Against Magistrate Mix [Docket No. 114; Filed November 16, 2007] ("Motion for Leave"). To date, Defendants have not filed responses to these motions.

IT IS HEREBY **ORDERED** that the Motion to Appoint Expert is **DENIED**. Plaintiff, although *pro se* and a prisoner, is not automatically entitled to the appointment of an expert. *See Thomas v. United States Bureau of Prisons*, 06-cv-00063-WYD-CBS, 2006 WL 1816992, at *1 (D. Colo. July 3, 2006) (unpublished opinion) ("The right of access to the courts does not extend to provide witness fees for a witness [who] an *in forma pauperis* prisoner claims to be essential to his case."). While the Court has authority to appoint an expert pursuant to Fed. R. Evid. 706(a), such an appointment is (1) left to the Court's discretion and (2) is meant to assist the Court and is not intended to act as an appointment on behalf of a party. 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 6302, at 453-56 (1997). Plaintiff's Eighth Amendment claim, which essentially asserts allegations of deliberate indifference, is not overly complicated or complex and, to a large extent, hinges on the intent of the Defendants. An appointed medical expert could not testify as to whether Defendants *consciously* disregarded a substantial risk of injury to Plaintiff, as such testimony would require mind reading, a phenomenon not recognized by the law. *See Jamison v. Nielson*, 32 Fed. Appx. 874, 877 (9th Cir. 2002) (unpublished opinion). Moreover, the trier of fact may ascertain whether Plaintiff's medical injuries were appropriately handled without the aid of an outside expert, as is evident from the medical records previously submitted into the Court record by Plaintiff. [Docket No. 32; Filed August 13, 2007, and Docket No. 101-2; Filed November 7, 2007]. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The physicians and other medical personnel who performed Plaintiff's knee surgery and attended to his pre-surgical and post-surgical care can be examined regarding the nature of Plaintiff's injury and the propriety of the care he was provided.

IT IS HEREBY **ORDERED** that the Motion to Reconsider is **DENIED**. Plaintiff seeks reconsideration of this Court's Order of October 12, 2007 [Docket No. 72]. Although not entirely clear, it appears that Plaintiff takes issue with the portion of the Court's Order pertaining to allegations contained in his Motion for Assistance of Court [Docket No. 66] regarding Defendants' alleged destruction of documents that were necessary to comply with the Court's Order of September 25, 2007 [Docket No. 60]. While Plaintiff cites to several incidences when Defendants allegedly destroyed his documents, the Court notes that the only alleged destruction before the Court on October 12, 2007 was an alleged theft that occurred on October 1, 2007.[3] Regarding that allegation, the Court noted that Plaintiff must exhaust his administrative remedies. In his Motion to Reconsider, Plaintiff attaches pending administrative grievances for conduct that occurred in August and September 2007. He also submits that while his grievance for conduct that occurred on August 22, 2007 was pending, he was barred from asserting additional grievances, informal or formal, by facility rules. Plaintiff did not attach the purported policy of the facility that prevents the filing of multiple grievances.[4]

As noted earlier, Plaintiff has another case pending before the Court wherein he has made similar representations about the prison facility's administrative grievance process. [Civil Action No. 07-cv-00121-WYD-KLM; Docket No. 145]. The Court takes judicial notice of a sworn affidavit from a prison official filed in that case which details the prison facility's administrative grievance process. *See* Affidavit of Deborah A. Locke [Docket No. 158-2]. The Court also takes judicial notice of the facility's administrative grievance policy posted on the Bureau of Prison's website. U.S. Dep't of Justice, Federal Bureau of Prisons,

---

[3] Plaintiff filed a Motion for Protective Order and Injunction on September 24, 2007 [Docket No 58]. The Court notes that it reserved ruling on the substance of that motion and directed Plaintiff to file an Offer of Proof by November 26, 2007 regarding the allegations contained in the motion, including the allegation that Defendants were destroying his documents [Docket No. 60]. The Court also denied Plaintiff's motion [Docket No. 63] which essentially asked the Court to reconsider its Order entered in Docket No. 60 [Docket No. 72]. Plaintiff's opportunity to obtain a ruling on his allegations of document destruction was by making the required Offer of Proof. The Court notes that Plaintiff failed to file an Offer of Proof by the prescribed deadline. To the extent that the Motion to Reconsider could be read to ask the Court to reconsider its rulings on Docket No. 58 and Docket No. 63, the Motion is also denied.

[4] What is particularly compelling to the Court is that although Plaintiff asserts he is permitted to have only one pending grievance at a time, he attaches **two** pending grievances to his motion. The later filed grievance acknowledges the facility's receipt of it and sets a decision date for its resolution, despite Plaintiff's admission that he has an earlier filed grievance which is still unresolved. This documentary evidence is inconsistent with Plaintiff's claim that he is not permitted to have more than one pending grievance at a time.

4

*Program Statement for the Administrative Remedy Program* No. 1330.13 <http://www.bop.gov/DataSource/execute/dsPolicyLoc>. Nothing in the policy limits a prisoner's ability to assert more than one grievance at a time. The policy does note that an inmate may bypass the informal grievance process and proceed to formal review where circumstances justify. *Id.* § 542.14, at 5-6. The policy also clearly instructs the facility to consider untimely requests, including those which may have been caused by a delay in informal review. *Id.* To the extent that Plaintiff contends that he can only have one informal grievance pending at a time or that he cannot formally grieve his injuries while other informal grievances are pending, the public administrative grievance policy and affidavit of Ms. Locke clearly refute Plaintiff's contention. Plaintiff could have, and should have, sought administrative relief from the prison facility for the alleged injuries he complained of in his motion. As such, the Court declines to reconsider its prior ruling.

IT IS HEREBY **ORDERED** that the Motion for Leave is **GRANTED in part**. To the extent that Plaintiff seeks leave to file a motion to recuse the Magistrate Judge and for unspecified sanctions, the request for leave to file such a motion is **granted**. Plaintiff must state the legal basis for any such relief in any motion he files.

**In addition to notice of filing of this Minute Order being provided to the parties, it is ORDERED that the office of the Clerk shall mail a copy of this Minute Order to the following**:

CASE MANAGER FOR:
Mikeal Glenn Stine  #55436-098
Florence ADMAX US Penitentiary
P.O. Box 8500
Florence, CO 81226

Dated:    December 21, 2007

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix