IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00799-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

LT. SWANSON, ADX,
MR. KNOX, ADX,
DR. S. NAFZIGER, ADX,
MR. A. OSAGIE, ADX, and
MR. RON WILEY, ADX,

    Defendant(s).

_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' Motion to Stay Discovery [Docket No. 134; Filed January 17, 2008] ("Motion to Stay"). Defendants assert that they are entitled to immunity from Plaintiff's claims in this matter and seek to stay discovery while their immunity defenses are pending before the Court. The Court notes that Defendants filed a Motion for Summary Judgment which asserts the defenses of sovereign and qualified immunity [Docket No. 124; Filed December 21, 2007]. Plaintiff filed a response in opposition to the Motion to Stay on January 28, 2008 [Docket No. 140], and a supplement to his response on January 30, 2008 [Docket No. 142]. The Motion to Stay has now been fully briefed and is ready for resolution.

    IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED** for the reasons set

forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on Federal Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by Defendants' burden. Here, Defendants filed a Motion for Summary Judgment which seeks to dismiss the claims against them on the grounds of sovereign and qualified immunity, among other defenses. Courts have routinely held that discovery should be stayed while the issue of immunity is being resolved. *See generally Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Weise v. Caspar*, 507 F.3d 1260, 1263-64 (10th Cir. 2007); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992); *see also Behrens v.*

*Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). On balance, the Court finds the potential harm to Plaintiff is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion for Summary Judgment is pending. The Court also notes that the remaining *String Cheese* factors, i.e., the Court's efficiency, and interests of nonparties and the public in general, do not outweigh Defendants' burden here given their pending immunity defenses. *See String Cheese*, 2006 WL 894955, at *2.

In this case, Plaintiff opposes a stay, but argues that if the case is stayed, limited discovery should be permitted to resolve the issue of whether immunity applies. While this is a reasonable request, the Court notes that the Motion for Summary Judgment has been briefed by Plaintiff without the benefit, or the apparent necessity, of discovery [Docket No. 131; Filed January 10, 2008]. *See, e.g., Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (noting that a stay can be granted while allowing discovery on a dispositive issue, however discovery on that issue must be shown to be necessary). In such a situation, limited discovery on the issue of immunity would not appear to be necessary.[1]

Dated:     February 6, 2008

---

[1] The Court notes that Defendants also filed a Motion to Dismiss Plaintiff's claims pursuant to the Federal Tort Claims Act [Docket No. 122; Filed December 18, 2008]. Plaintiff's deadline to respond to this motion is February 20, 2008 [Docket No. 141]. The Court has reviewed the motion, which seeks dismissal on the grounds of failure to exhaust administrative remedies. In resolution of a such a defense, discovery by Plaintiff would appear to serve no purpose.