IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00799-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

LT. SWANSON, ADX,
MR. KNOX, ADX,
DR. S. NAFZIGER, ADX,
MR. A. OSAGIE, ADX, and
MR. RON WILEY, ADX,

    Defendant(s).

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on *pro se* Plaintiff's Motion to Have PA Schiefelbein Ordered to Attend Hearing in Addition to Ms. Gladbach and Scott Fountain [Docket No. 84; Filed October 26, 2007] and Plaintiff's Request for Courts to Hold Emergency Hearing for Preliminary Injunction, Granted by Document No. (32) for Yesterday 10/22/07 of Which Defendants Did Not Make Plaintiff Available or Notice Plaintiff of New Date [Docket No. 86; Filed October 29, 2007] (collectively, the "Motions"). Although not clear from the titles of the Motions, both appear to request that the Court to hold an emergency hearing and enter a preliminary injunction. The Court denied the Motions as they pertained to Plaintiff's request for an emergency hearing, but took the request for a preliminary injunction under advisement [Docket No. 126].

Plaintiff is a prisoner at the United States Penitentiary, ADMAX, in Florence, Colorado. Plaintiff is proceeding *pro se*. As such, the Court should construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not the nonmoving party's advocate and must nevertheless deny a motion that is based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110.

The Court has reviewed the Motions, Defendants' Response [Docket No. 109; Filed November 13, 2007], Plaintiff's Reply [Docket No. 118; Filed November 28, 2007], the case file, and applicable case law and is sufficiently advised in the premises. For the reasons provided below, I respectfully recommend that the Motions [Docket Nos. 84 & 86] be **DENIED**.

By way of giving context to the Motions, the Court provides the following procedural history. Plaintiff previously moved for injunctive relief on August 13, 2007 [Docket No. 32] and asked the Court to order Defendants to provide Plaintiff with knee surgery. An evidentiary hearing was set for October 22, 2007 [Docket No. 61]. However, prior to the hearing, Defendants moved to reset or vacate the hearing because Plaintiff's surgery was scheduled to occur on the same day [Docket No. 78]. The Court granted the motion [Docket No. 80], and recommended that Plaintiff's first motion for injunctive relief be denied as moot [Docket No. 90]. The recommendation was granted on November 16, 2007 [Docket No. 115]. Plaintiff's new Motions seek injunctive relief for injuries that he alleges occurred following his knee surgery.

In his Motions, Plaintiff contends that he was forced to walk two (2) city blocks

2

immediately after his knee surgery back to his cell. Motion No. 84 at 2; Motion No. 86 at 2. He alleges that although Defendant Nafziger ordered him not to walk or stand and to use a cane and crutches, Defendant Ron Wiley and "Security" overrode those instructions and his "knee popped and [he] felt tear apart . . . and swelled like a balloon." Motion No. 84 at 2; Motion No. 86 at 2. He claims he is "submitted to torturious [sic] conditions and serious injury continues" such that he "very well might lose leg due [to] infection and may have life long pain." Motion No. 84 at 2; Motion No. 86 at 2.

As an initial matter, it is unclear what injunctive relief Plaintiff is seeking. To the extent that Plaintiff is requesting improved medical care, I find that Plaintiff is unable to meet his burden to show that a preliminary injunction is necessary. A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar*

*Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> Because the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted). These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 1259.

Plaintiff appears to seek a preliminary injunction requiring Defendants to give him improved medical care. The relief sought would alter the status quo rather than preserve it and would also require Defendants to act. For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized." *Id.* at 1259, 1261.

First, Plaintiff must show that he will suffer irreparable injury if his request for preliminary injunction is denied. *Id.* at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted).

Here, Plaintiff asserts that Defendant Ron Wiley and "Security" have caused him

4

to re-injure his knee by failing to abide by Defendant Nafziger's order that Plaintiff should be given crutches and a cane and should refrain from walking or standing. Motion No. 84 at 2; Motion No. 86 at 2. Plaintiff also claims that his knee is very painful and that he will likely need more surgery and suffer from life-long pain. Motion No. 84 at 2; Motion No. 86 at 2. By contrast, Defendants inform the Court that Defendant Nafziger examined Plaintiff following his surgery, reviewed his medical reports thereafter, and noted that he appeared to be "adequately progressing in his recovery." Response at Exhibit 1 [Docket No. 109-2 at 3]. Likewise, the surgical physician noted that Plaintiff tolerated the surgery well with no complications. *Id.* Moreover, a member of Defendant Nafziger's staff examined Plaintiff on October 24th, two days after his surgery, changed his bandage, and provided him with crutches. She noted no additional injury to his knee. [Docket No. 118-2 at 2]. Plaintiff was also placed on "No Rec" status[1] for two weeks to "assist in the recovery from his surgery." Response at Exhibit 1 [Docket No. 109-2 at 2]. This history of Plaintiff's medical care and the lack of any additional injury is also confirmed in the medical report that Plaintiff submitted with his Reply.[2] [Docket No. 118-2]. As such, Plaintiff's vague, unsubstantiated,

---

[1] The Court understands "No rec" status to mean that Plaintiff was prohibited for a certain period of time, here two weeks, from participating in recreational activities which would require him to stand, walk, or otherwise put pressure on his surgically-repaired knee. *See* Response at Exhibit 1 [Docket No. 109-2 at 2].

[2] Although Plaintiff was given "No Rec" status to aid his recovery and prevent re-injury, the medical report indicates that *Plaintiff* opposed such status. Reply at Exhibit 1 [Docket No. 118-2 at 2]. Further, the Court notes the "Medical Treatment Refusal" form filed on the record by Plaintiff indicates that Plaintiff refused the crutches that were provided to him despite being warned that such refusal could cause "pain and discomfort" or "further damage to repaired knee" [Docket No. 101-2 at 9]. Plaintiff's refusal of medical treatment is also referenced in his medical report [Docket No. 118-2 at 2]. Plaintiff admits he refused the crutches, but claims he did so because he could

5

and conclusory claims fail to demonstrate more than "merely serious or substantial" harm.

Next, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage the injunction may cause Defendants or whether an injunction would be adverse to the public interest. Plaintiff has failed to meet his burden regarding these two requisite elements.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claim. *Id.* Plaintiff brings an Eighth Amendment claim of cruel and unusual punishment. As discussed, *supra*, Plaintiff states that he is being denied adequate medical care for his knee. Motion No. 84 at 2; Motion No. 86 at 2. Without more, Plaintiff fails to make a strong showing that he would succeed on the merits of an Eighth Amendment claim. *See also supra* note 1; *see, e.g.*, *Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-

---

not use them while hand-cuffed. [Docket No. 101-2 at 7]. This admission flies in the face of Plaintiff's assertion that *Defendants* should be sanctioned for their refusal to provide crutches to Plaintiff. Lastly, on October 27, 2007, Plaintiff was seen by a member of the medical staff at ADX who noted that Plaintiff was wearing a knee brace and while there was swelling and redness of Plaintiff's left knee, it appeared to be mild. *Id.* Plaintiff's medical report reflecting this examination does not note any additional injury occurring after Plaintiff's surgery. Plaintiff also alleges that he was not seen by medical staff after October 24, 2007, that claims of his refusal of treatment are fabricated, and instead he was denied the medical treatment that he sought. Reply at 2-3 [Docket No. 118]. The documents submitted in the record do not support these contentions.

cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (holding that unverified, conclusory allegations will not support a motion for temporary restraining order). Indeed, Plaintiff's disagreement with the medical care he has received does not generally constitute cruel and unusual punishment or justify injunctive relief. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).

Accordingly, as Plaintiff has failed to satisfy the four prerequisites to obtaining a preliminary injunction, I respectfully **RECOMMEND** that the Motions [Docket Nos. 84 & 86] be **DENIED**.

FURTHER, IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 8, 2008

BY THE COURT:

s/ Kristen L. Mix

United States Magistrate Judge
Kristen L. Mix