IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-00799-WYD-KLM

MIKEAL GLENN STINE,

    Plaintiff,

v.

LT. SWANSON, ADX;
MR. KNOX, ADX;
DR. S. NAFZIGER, ADX;
MR. A. OSAGIE, ADX; and
MR. RON WILEY, ADX,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on both the Defendants' Motion to Dismiss (docket #122), filed December 18, 2007 and the Defendants' Motion for Summary Judgment (docket #124), filed December 21, 2008. Pursuant to the Order of Reference dated August 16, 2007 and the memorandums dated December 18, 2007 and December 21, 2007, the motions were referred to Magistrate Judge Kristen L. Mix for a recommendation.

On August 29, 2008, Magistrate Judge Mix issued a Recommendation on both the Motion to Dismiss and the Motion for Summary Judgment. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Magistrate Judge Mix recommends therein that both Defendants' Motion to Dismiss and

Defendants' Motion for Summary Judgment be granted.  The Recommendation advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation.  (Recommendation at 25-26.)  On September 11, 2008, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Magistrate Judge Mix first recommends that the Motion to Dismiss be granted as to Claim IV of Plaintiff's complaint.  (Recommendation at 6.)  Magistrate Judge Mix stated that an amended complaint cannot cure a lack of subject matter jurisdiction that existed at the time of the filing of the Plaintiff's original complaint.  Therefore, Magistrate Judge Mix found that because Plaintiff failed to obtain administrative review of his tort claim prior to asserting it in his federal action, Plaintiff's FTCA claim against Defendant Swanson must be dismissed because the Court did not have jurisdiction over this claim at the time Plaintiff filed his original Complaint on April 19, 2007.  (Recommendation at 6-7.)   No objections were filed to this part of the Recommendation which I affirm and adopt.  I find Magistrate Judge Mix's Recommendation on this claim is thorough, well reasoned and sound, and I agree that the Motion to Dismiss is properly granted as to this claim.

Second, Magistrate Judge Mix recommends that the Motion for Summary Judgment be granted as to Claim II of Plaintiff's complaint.  (Recommendation at 10-11.)  Magistrate Judge Mix found that "Claim II must be dismissed as a matter of law because Plaintiff fails to assert any injury attributable to his alleged denial of informal

grievance forms." (Recommendation at 10.)  Therefore, Magistrate Judge Mix concluded that since Plaintiff failed to provide evidence of an actual injury from Defendant Knox's alleged denial of an informal grievance, no genuine issue of material fact related to this claim exists.  No objections were filed to this part of the Recommendation which I affirm and adopt.  I find Magistrate Judge Mix's Recommendation on Plaintiff's first amendment claim is well reasoned and sound, and I agree that the Motion for Summary Judgment is properly granted as to Claim II.

Third, Magistrate Judge Mix recommends that the Motion for Summary Judgment be granted as to Claim VI of Plaintiff's complaint.  Magistrate Judge Mix found that the Plaintiff "has not directed the Court to any established law that invalidates the use of the BOP's Utilization Review Committee." (Recommendation at 25.)  "Indeed, the Court has not located a case which holds that allowing a committee of qualified members to make decisions about the necessity and prioritization of an inmate's medical procedures violated the Eighth Amendment." (Recommendation at 25.)  No objections were filed to this part of the Recommendation which I affirm and adopt.  I find Magistrate Judge Mix's Recommendation on Plaintiff's Utilization Review Committee claim is well reasoned and sound, and I agree that the Motion for Summary judgment is properly granted as to Claim VI.

Fourth, Magistrate Judge Mix recommends that the Motion for Summary Judgment be granted as to Claim I of Plaintiff's complaint because Plaintiff failed to show that Defendant Swanson violated a constitutional right.  In this claim, Plaintiff alleges that Defendant Swanson was deliberately indifferent to a serious medical need

when he denied Plaintiff the use of a knee brace when he was transported from the prison to the hospital for an MRI. In their Motion for Summary Judgment, the Defendants assert that they are entitled to qualified immunity.

I note that in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known. *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990). Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 15531, 1534 (10th Cir 1995)). *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

In her Recommendation, Magistrate Judge Mix found that Plaintiff has shown that he suffered from a serious knee injury and was prescribed the use of a knee brace. (Recommendation at 14.) However, Magistrate Judge Mix concluded that Plaintiff failed "to prove that the temporary and relatively brief denial of a knee brace itself caused an injury from which Plaintiff did not already suffer." (Recommendation at 14.) Magistrate Judge Mix further found that Plaintiff merely asserted conclusory allegations and failed to submit admissible evidence that his transportation to and from the hospital without a

knee brace caused additional injury or that Defendant Swanson knew of or disregarded an excessive risk to Plaintiff's health.  Thus, Magistrate Judge Mix concluded that Plaintiff failed to show Defendant Swanson violated a constitutional right.

In his Objections, Plaintiff states that he "felt tearing when forced to walk without a knee brace." (Objections at 1.)  Plaintiff also argues that Nurse Gladbach was not in the facility on March 28, 2007, and therefore, she could not have advised Defendant Swanson that the use of Plaintiff's knee brace was not required.  Plaintiff attaches a statement by Nurse Gladbach that approves Plaintiff for arthroscopic surgery on his knee and warns him to be careful with his daily activities.  Plaintiff argues that these statements *inter alia* show that he was caused unnecessary harm and pain and that Defendant Swanson knew of the risk of harm and disregarded it.

I first note that "it is well established that the Eighth Amendment reaches beyond "barbarous physical punishment" to prohibit "'the unnecessary and wanton infliction of pain.'"  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153 (1976)).  The Constitution prohibits punishment that is "so totally without penological justification that it results in the gratuitous infliction of suffering."  *Gregg*, 428 U.S. at 183.  The gratuitous infliction of pain always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

Prison doctors, like all prison officials, may violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody.  *Hunt*, 199 F.3d at

1224. In order to establish deliberate indifference, the plaintiff must show both an objective and a subjective component. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The objective component requires a sufficiently serious medical need, in that it has been diagnosed by a physician as requiring treatment or is so obvious that even a lay person would easily recognize the necessity for medical attention. *Id.* (citations omitted). In order to demonstrate the subjective component, the plaintiff must allege that defendant knew he faced a substantial risk of harm and disregarded that risk "by failing to take reasonable measures to abate it." *Id.* (citing *Farmer*, 511 U.S. at 847).

After reviewing Plaintiff's Objections, I find they lack merit and should be overrruled. Plaintiff's Objections consist of self-serving conclusory allegations without any supporting authority or admissible evidence. I further find that the statement by Nurse Gladbach fails to support Plaintiff's arguments. Nurse Gladbach's response informs Plaintiff that he was approved for surgery on his knee and warns him to be careful with his daily activities. There is no reference to a knee brace or that the failure to wear a knee brace would cause Plaintiff harm. Magistrate Judge Mix found that the Plaintiff proved he has a serious knee injury. Thus, I agree that the objective component of the Eighth Amendment deliberate indifference analysis is satisfied. However, I find nothing in the record to support Plaintiff's contentions that Defendant Swanson knew or disregarded any risk of substantial harm to Plaintiff. I agree with Magistrate Judge Mix that because the subjective component of the Eighth Amendment analysis has not been satisfied, Plaintiff has failed to show that Defendant Swanson violated a constitutional right. Accordingly, summary judgment is proper as to Claim I of

Plaintiff's complaint.

Finally, Magistrate Judge Mix recommends that the Motion for Summary Judgment be granted as to Claim V of Plaintiff's complaint because Plaintiff failed to show that the Defendants were deliberately indifferent to Plaintiff's serious medical needs and that substantial harm resulted. In this claim, Plaintiff asserts an Eighth Amendment violation when the Defendants allegedly unreasonably delayed the scheduling of both an MRI for Plaintiff's knee injury and his subsequent knee surgery. In their Motion for Summary Judgment, the Defendants again assert that they are entitled to qualified immunity.

In her Recommendation, Magistrate Judge Mix found that the Plaintiff has shown that he suffered from a serious knee injury, thus, the objective component of the Eighth Amendment analysis is satisfied. However, Magistrate Judge Mix concluded that Plaintiff failed to provide sufficient evidence of Defendant's subjective desire to cause harm to Plaintiff. Magistrate Judge Mix further found that

> [e]ven were the Court to find that Plaintiff sufficiently established a constitutional injury, Defendants are entitled to qualified immunity. In this regard, Plaintiff bears the burden of proving that Defendants' actions violated clearly established law. *Guffey v. Wyatt*, 18 F.3d 869, 871 (10th Cir. 1994). Plaintiff's allegations against Defendants are that they delayed his medical treatment and denied Plaintiff the use of crutches and narcotics. Based on the facts at issue in this case, I find that Plaintiff has failed to prove that the law was clearly established that such delay or method of treatment violates the Eighth Amendment. Plaintiff has pointed to no cases that suggest that the delay of his knee surgery, where no substantial harm resulted, and the denial of crutches or narcotics, when a knee brace and non-narcotic medication were provided and valid security concerns were at issue, are clear violations of his Eighth Amendment rights.

(Recommendation at 22.)

In his Objections, Plaintiff argues that BOP policies and security procedures prevented him from being examined by an independent physician who might have supported his Eighth Amendment claim. He also states that the surgery should not have been considered elective surgery and that the Defendants did not examine the Plaintiff on a regular basis. While the Court understands that the Plaintiff is unhappy with what he perceives as a delay in treatment and may have experienced some pain, I do not find that his Objections have any merit or change the legal analysis of this claim. I agree with Magistrate Judge Mix's thorough Recommendation on this claim that even if Plaintiff could successfully show a constitutional injury, the Defendants are entitled to qualified immunity. In his Objections, Plaintiff does not assert any clearly established law that the delay or method of treatment or the presence of pain violates the Eighth Amendment. Instead, Plaintiff's Objections consist of unsupported, conclusory statements. Accordingly, they are overruled. To the extent the Plaintiff asserts other objections, I find no merit to them. I agree with Magistrate Judge Mix that summary judgment is proper on Claim V of Plaintiff's complaint.

Accordingly, the Recommendation of Magistrate Judge Mix is affirmed and adopted, and Defendants' Motion to Dismiss and Motion for Summary Judgment are both granted.

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (docket #182) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the Defendants' Motion to Dismiss (docket #122) is **GRANTED**

and Claim IV is **DISMISSED WITHOUT PREJUDICE**. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment (docket #124) is **GRANTED** and that Claims I, II, V, and VI are **DISMISSED WITH PREJUDICE**. Thus, this action is **DISMISSED** in its entirety.

Dated: September 18, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge